23-897-cv
Met. Life Ins. Co. v. Webb

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Metropolitan Life Insurance Company,

> *Plaintiff*,

> v.                                                    23-897

Paul R. Webb, III, Thomas J. Webb,
Individually and as Executor of the
Estate of Paul R. Webb, II,

> *Defendants-Cross Claimants-*
> *Cross Defendants-Appellants*,

**v.**

**David M. Oliver, James W. Oliver,
Barbara Forth, Carol Lee Oliver,**

*Defendants-Cross Defendants-
Cross Claimants-Appellees.*

_____

**FOR APPELLANTS:**                    Youel C. Smith, III, Trey Smith Law
                                       PLLC, Troy, NY.

**FOR APPELLEES:**                     Barbara Forth, pro se, Williamsburg,
                                       VA; Carol Lee Oliver, pro se, Salem,
                                       MA; James W. Oliver, pro se,
                                       Simsbury, CT; David M. Oliver, pro
                                       se, Marion, MA.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Metropolitan Life Insurance Company brought this interpleader action against the Appellants ("the Webbs") and the Appellees ("the Olivers")—the

2

children and stepchildren, respectively, of Paul R. Webb II ("Paul")—to determine which of the two families was entitled to the benefits of Paul's life insurance policy. Paul, who died in 2019, initially designated the Olivers as the beneficiaries of his life insurance policy. But on December 1, 2015, he executed a change of beneficiary form designating the Webbs as the beneficiaries. The case proceeded to a jury trial. The issue presented to the jury was whether Paul had sufficient mental capacity on December 1, 2015, to change his life insurance beneficiaries. The jury found that he lacked such capacity, and it rendered a verdict in favor of the Olivers.

The Webbs raise three arguments on appeal. First, they argue, the district court plainly erred by instructing the jury that the Webbs bore the burden of proving Paul's capacity to execute the form. Second, the district court erred by excluding from evidence the facts underlying James Oliver's disbarment. Third, the district court erred by denying the Webbs' motion for directed verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

First, the Webbs argue that the district court plainly erred by instructing the jury that the Webbs bore the burden of proving Paul's capacity to execute the change of beneficiary form. However, the Webbs knowingly waived this argument by objecting to the jury instructions and then withdrawing their objection, thereby precluding us from considering this challenge on appeal.

"Waiver is the intentional relinquishment of a known right." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 136 (2d Cir. 2014) (internal quotation marks omitted). "While we have discretion to consider forfeited arguments, a waived argument may not be revived" even for plain error review. *Doe v. Trump Corp.*, 6 F.4th 400, 409 n.6 (2d Cir. 2021); *see also United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015). Waiver may be express or inferred from the parties' conduct, but we "will infer a waiver only where the parties were aware of their rights and made the conscious choice, for whatever reason, to waive them." *Mooney v. City of New York*, 219 F.3d 123, 131 (2d Cir. 2000) (internal quotation marks omitted). Accordingly, we generally deem a party to have waived rather than forfeited an objection when the party "asserts, but

4

subsequently withdraws, an objection in the district court." *Spruill*, 808 F.3d at 597 (citing cases).

The proposed jury instruction put the burden of proof on the proponent of the form—the Webbs—to prove Paul's capacity to execute the form. The Webbs' attorney initially objected to this portion of the jury charge, arguing that the Olivers should bear the burden of proving Paul's *in*capacity. But after a discussion with the court and opposing counsel, the Webbs' counsel withdrew her objection, stating that she was "okay" with the instructions and that "the burden shifting isn't going to matter." J. App'x 988. These actions show that the Webbs were aware of the significance of the jury instruction but decided against pressing their objection to it. *See Spruill*, 808 F.3d at 597. Accordingly, the Webbs waived their challenge to the jury instructions.[1]

---

[1] The Webbs contend that their counsel withdrew the objection because of concerns about the court's trial schedule, not because the counsel conceded on the merits. This is not apparent from the colloquy itself, but even if that were the reason for the withdrawal, the Webbs cite no authority for the proposition that such a reason would excuse their on-the-record waiver. In fact, the record indicates that the Webbs strategically chose to abandon their objection in light of opposing counsel's argument during the colloquy that if the district court were to put the burden of proof on the Olivers, then the court would also need to instruct the jury that a higher standard for capacity applied. *See* J. App'x 987-88 ("Actually I'm not asking to redo all the jury instructions. We'd have to rewrite them in a way consistent with *Gruber*, which I don't

**II**

Second, the Webbs argue that the district court erred by excluding evidence of the facts underlying James Oliver's disbarment. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005).

The Olivers proceeded pro se at trial and on appeal but, as the district court noted, were in effect represented by Appellee James Oliver, a disbarred attorney. *See Metro. Life Ins. Co. v. Oliver*, No. 20-CV-1351, 2023 WL 3318487, at *7 (N.D.N.Y. May 9, 2023). The Olivers filed a pretrial motion in limine seeking to bar the Webbs from introducing into evidence facts relating to James Oliver's disbarment pursuant to Federal Rule of Evidence 608. The district court denied the Olivers' motion, holding that the Webbs could introduce this evidence pursuant to Rule 608 if James Oliver testified. The district court also observed,

---

want to spend the time to do that. So I'm actually okay. I think at this point, the burden shifting isn't going to matter."); *see also Trump Corp.*, 6 F.4th at 409 n.6 ("If … the party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review.") (quoting *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995)).

6

but did not decide, that the circumstances of the disbarment might be admissible under other evidentiary rules even if James did not testify. *Id.* at *7–8.

As an initial matter, the district court did not completely prevent the Webbs from introducing evidence regarding the circumstances underlying James Oliver's disbarment. To the contrary, the district court denied the Olivers' motion to prevent use of the disbarment for impeachment purposes, all while remarking on ways the Webbs could introduce the underlying facts of the disbarment despite the Olivers' apparent tactic of keeping James from testifying. Furthermore, the fact of James Oliver's disbarment was presented to the jury by the Olivers in their opening statement and through Thomas Webb's testimony.

In one instance, however, after the Olivers objected to Thomas Webb's testimony about the disbarment, the district court permitted Thomas Webb to testify as to the fact of disbarment but not as to the underlying circumstances of the disbarment. This isolated ruling did not amount to an abuse of discretion. But even if it were erroneous, the Webbs have not met their burden of showing that this single instance of limiting a witness's testimony was likely to have swayed the jury's verdict "in some material respect." *MacDermid Printing Sols.*

7

*LLC v. Cortron Corp.*, 833 F.3d 172, 189 (2d Cir. 2016) (quoting *Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir. 2016)).

III

Third, the Webbs argue that the district court erred by denying their motion for a directed verdict because no reasonable person could conclude that Paul lacked capacity when he signed the beneficiary form on December 1, 2015. We conclude that the district court properly denied the motion.

We review de novo the district court's denial of the motion, assessing whether there is legally sufficient evidence, viewed in the light most favorable to the Olivers, to support the jury's verdict. *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004).

At trial, the Olivers presented third-party witnesses who had observed or talked with Paul in the months before December 2015, and they testified that Paul suffered from significant memory issues. The Olivers also offered testimony from a doctor who had reviewed Paul's medical and guardianship records, as well as a videotape of him, and opined that Paul suffered from vascular dementia. Based on this evidence, it was not unreasonable for the jury to find

8

that Paul lacked the mental capacity to change the designated beneficiaries, even if, as the Webbs argue, the Webbs introduced reliable evidence to the contrary.

*    *    *

We have considered the Webbs' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court